**CENTURIAN CORPORATION, and Richard H. Nickles, Individually, Plaintiffs and Respondents,**

v.

**RYBERG, McCOY & HALGREN, a Professional Corporation, Robert Ryberg, Individually, John L. McCoy, Individually, and Leon A. Halgren, Individually, Defendants and Appellants.**

No. 15629.

Supreme Court of Utah.

Dec. 21, 1978.

Bryce E. Roe of Roe & Fowler, Salt Lake City, for Ryberg & McCoy.

Gary A. Frank, Robert W. Miller, Salt Lake City, for Leon Halgren.

James R. Brown of Jardine & Baldwin, Salt Lake City, for plaintiffs and respondents.

PER CURIAM:

This is an appeal from a judgment requiring the defendant legal firm to refund an alleged $10,000 "retainer" and a $5,000 "bonus," plus costs, interest, etc. incident to a claim for service rendered.

The firm had represented Centurian, a boat manufacturer for many years and its President, Nickles, personally. When Centurian's plant burned down Nickles was charged with arson, and was successfully defended by the firm which also pursued and recovered $160,000 on an insurance policy.

Shortly after the fire Nickles and Ryberg discussed a fee arrangement and both conceded the fee was to be $35 per hour for a specified time and $40 per hour thereafter. Nothing was reduced to writing, but such an agreement was confirmed by the complaint Centurian subsequently filed against Ryberg and his associates which alleged the facts stated above. The pleading was admitted in Ryberg's answer, thus confirming such agreement.

The "retainer" and "bonus" are the bones of contention here. Centurian's Board of Directors by resolution transferred its property to Ryberg's firm to "secure payment of all legal fees" and expenses incurred by the firm in connection with the fire. Some time thereafter the firm mortgaged the property, without Nickles' knowledge, and applied the mortgage loan funds on its books as a credit on the fees, and without any consent by Nickles as the court later found. In fact it was without any mutual assent since Ryberg, in claiming a "reasonable" fee over and above the hourly rate, claimed there was no express contract for the additional charge of $15,000 by way of a "retainer" and "bonus." Ryberg assigned as reason for such extra charge, a quasi-contractual or quantum meruit basis, be-

cause of the firm's success in exonerating Nickles from the arson charge and its recovery on the insurance policy.

In a memorandum the trial court conceded that the extra fee would have been a "reasonable" one, but based his decision, which we consider to be sound, on an express contract that covered the admitted hourly rate but which totally lacked any consensual authority for any additional compensation, concluding as follows:

> Since the defendants had an agreed hourly figure they cannot claim a reasonable fee, but rather would be limited to the hourly rate.

The judgment is affirmed with costs on appeal awarded to respondents.

CROCKETT, J., does not participate herein.